1-18-2010

# COMMONWEALTH OF VIRGINIA



## SUMMONS - CIVIL ACTION

Case No. CL09000245-00

CULPEPER COUNTY CIRCUIT COURT

135 W. CAMERON STREET CULPEPER, VIRGINIA 22701

ADDRESS

TO:

CHRISTINE S. RECTOR

6345 MYERS HILL ROAD

JEFFERSONTON, VA 22724

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia.

JANUARY 12, 2010          JANICE J. CORBIN _____ Clerk
DATE

by _Judie  M  Smith_____
DEPUTY CLERK

FORM CC-1400 PDF (MASTER) 1/06
RULE 3:5, VA. CODE §§ 8.01-2

**VIRGINIA:**

## IN THE CIRCUIT COURT OF CULPEPER COUNTY

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
A Delaware Corporation

    Plaintiff,

    v.               :    Case No. CL09000245-00

CHRISTINE S. RECTOR
6345 Myers Hill Road,
Jeffersonton, Virginia 22724
CULPEPER COUNTY

    and

CHARLES E. RECTOR
6345 Myers Hill Road,
Jeffersonton, Virginia 22724
CULPEPER COUNTY

    and

BLAZER FINANCIAL SERVICES

    and

SAMUEL W. LANHAM,

    and

DR. F. M. GRAVES

    and

EQUITY ONE CONSUMER LOAN

    and

Case 09-62669   Doc 37-1   Filed 02/12/10   Entered 02/12/10 16:52:22   Desc Exhibit
Summons & Complaint from Circuit Court   Page 3 of 23

01/11/2010   14:15   5409979996   CIRCUIT COURT   PAGE   03

BLUE RIDGE ORTHOPEDIC ASSOCIATES:
52 West Shirley Avenue
Warrenton, Virginia 20186

     Defendants.

## COMPLAINT

COMES NOW the Plaintiff, MORTGAGE ELECTRONIC REGISTRATION

SYSTEMS, INC., A Delaware Corporation (hereinafter referred to as "MERS") and

moves this Honorable Court for the entry of an Order establishing a first lien upon the

hereinafter described property vested in  RICHARD T. CREGGER, TRUSTEE, for

the benefit of  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as

beneficiary; acting as a nominee for WMC MORTGAGE CORPORATION, its

successors and assigns, and, having that certain deed of trust dated  October 26,

2005  recorded  among the land records of  Culpeper County, Virginia from

CHRISTINE S. RECTOR and CHARLES E. RECTOR, JR., to RICHARD T.

CREGGER, TRUSTEE, for the benefit of  MORTGAGE ELECTRONIC

REGISTRATION SYSTEMS, INC. as beneficiary;  and, that said Deed of Trust be

declared a valid and subsisting first deed of trust lien upon the hereinafter described

property having priority over any and all other liens of record; and for grounds thereof

the Plaintiff states as follows:

    1.    That the Plaintiff, MORTGAGE ELECTRONIC REGISTRATION

SYSTEMS, INC. is a Delaware Corporation duly authorized to conduct business in

the Commonwealth of Virginia.

    2.    That the Defendants, CHRISTINE S. RECTOR and CHARLES E.

RECTOR, JR., are citizens of the Commonwealth of Virginia residing at 6345 Myers

-2-

Hill Road, Jeffersonton, Virginia 22724, in Culpeper County, and are the record owners of the property hereinafter set forth.

3. That the Defendant, BLAZER FINANCIAL SERVICES, is the Judgment Plaintiff named in a judgment entered in its favor against Charles R. Johnson and Christine A. Johnson, Rt. 3, Box 126 m, Culpeper, VA 22701 dated October 13, 1989, docketed November 7, 1989 in Judgment Book 18A, at Page 122 of the Judgment Books of Culpeper County, in the amount of $ 1,536.97, plus 24.48% interest from April 13, 1989 until paid, and $ 10.00 and $ 2.00 costs, and may be claiming a lien against the hereinafter described property.

4. That the Defendant, SAMUEL W. LANHAM, is the Judgment Plaintiff named in a judgment entered in his favor against Charles R. Johnson and Christine A. Johnson, Rt. 3, Box 126 m, Culpeper, VA 22701 dated June 26, 1987, docketed January 12, 1990 in Judgment Book 18A, at Page 171 of the Judgment Books of Culpeper County, in the amount of $ 4,477.53, plus 15.71% interest from June 26, 1987 until paid, and $ 10.00 and $ 2.00 costs, and may be claiming a lien against the hereinafter described property.

5. That the Defendant, DR. F. M. GRAVES, JR., is the Judgment Plaintiff named in a judgment entered in his favor against Charles R. Johnson and Christine A. Johnson, Rt. 3, Box 126-M, Culpeper, VA 22701 dated May 23, 1989, docketed September 17, 1992 in Judgment Book 20A, at Page 171 of the Judgment Books of Culpeper County, in the amount of $ 168.21, plus 18% interest from March 1, 1989 until paid, and $ 10.00 and $ 2.00 costs, and may be claiming a lien against the hereinafter described property.

6.     That the Defendant, EQUITY ONE CONSUMER LOAN, is the Judgment Plaintiff named in a judgment entered in its favor against Charles E. Rector and Christine E. Rector, 6345 Myers Hill Road, Jeffersonton, Virginia 22724 dated September 13, 1996, docketed September 23, 1996 in Judgment Book 22A, at Page 317 of the Judgment Books of Culpeper County, in the amount of $ 2,986.59, plus 25.00% interest from September 13, 1996 until paid, and $ 42.00 and $ 8.00 costs, and may be claiming a lien against the hereinafter described property.

7.     That the Defendant, BLUE RIDGE ORTHOPEDIC ASSOCIATES, is the Judgment Plaintiff named in a judgment entered in its favor against Christine E. Rector, 6345 Myers Hill Road, Jeffersonton, Virginia 22724  dated  December 8, 2006, docketed January 17, 2007, in Judgment  Number 070000102 of the Judgment Books of Culpeper County, in the amount of $  1,088.27, plus  8.00% interest from December 8, 2006 until paid, and $ 43.00 costs, and may be claiming a lien against the hereinafter described property.

8,     That by deed dated February 19, 1991, recorded March 6, 1991 in Deed Book No. 451, Page 219 of the Land Records of Culpeper County, Virginia, CHRISTINE S. JOHNSON, trading in relation to her sole and separate equitable estate, conveyed approximately one (1) acre of land on the south side of State Route 623 in Jefferson Magisterial District, Culpeper County Virginia  to CHRISTINE S. RECTOR and CHARLES E. RECTOR, JR., husband and wife, as tenants by the entireties, said PROPERTY being more particularly described in said Deed, a copy of

said Deed being attached hereto, marked as Plaintiff's Exhibit No. 1, and expressly incorporated herein by reference.

9.      That by deed of trust dated October 26, 2005, the Defendants, CHRISTINE S. RECTOR and CHARLES E. RECTOR, JR., husband and wife, conveyed said  property to RICHARD T. CREGGER, TRUSTEE, in trust for the benefit of  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as beneficiary; acting as a nominee for WMC MORTGAGE CORPORATION, its successors and assigns, to secure payment of the principal sum of $ 178,400.00, together with interest as stated therein, a copy of said Deed of Trust being attached hereto, marked as Plaintiff's Ex. No. 2, and expressly incorporated herein by reference.

10.      That in accordance with the settlement of said loan evidenced by the aforesaid Deed of Trust, the settlement agent disbursed said loan proceeds for the benefit of the borrowers, the Defendants CHRISTINE S. RECTOR and CHARLES E. RECTOR, JR., as evidenced by the Settlement Sheet attached hereto, marked as Plaintiff's Ex. No. 3 and expressly incorporated herein by reference.

11.      That as a condition of said loan, CHRISTINE S. RECTOR and CHARLES E. RECTOR, JR., executed a Deed of Trust Note, the payment of which was to be secured by the aforesaid Deed of Trust marked as Exhibit No. 2, which Deed of Trust was to be a first Deed of Trust in first lien position on the property described therein.

12.      The aforesaid Deed of Trust was forwarded to the Clerk's Office of Culpeper County, Virginia for recording, but was lost and remains unrecorded, the

said Defendants, CHRISTINE S. RECTOR and CHARLES E. RECTOR, JR., having refused to re-execute a substitute Deed of Trust, and further having refused to return the proceeds or make any payment thereon.

13.     That the said Defendants, CHRISTINE S. RECTOR and CHARLES E. RECTOR, JR., are in default of the note secured by the aforesaid Deed of Trust but your Plaintiff, through its Trustee, is unable to foreclose on the said property because of the aforesaid which creates a cloud on the title to the said property.

14.     That furthermore, as a result of said payments and disbursements the aforesaid Deed of Trust should be equitably subordinated to any and all liens on said property and should be in first lien position.

15.     That your Plaintiff has no adequate remedy at law.

WHEREFORE, the Plaintiff, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. moves this Honorable Court for the following relief:

1.     That this Court impress and impose a first deed of trust lien on the property securing MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as beneficiary, in accordance with the terms of the Deed of Trust dated October 26, 2005 from CHRISTINE S. RECTOR and CHARLES E. RECTOR, JR., as aforesaid.

2.     That the Deed of Trust dated October 26, 2005 be declared a valid and subsisting first Deed of Trust upon the property and that this Court order that a copy of said Deed of Trust be recorded among the land records of Culpeper County, Virginia.

3.    That the Deed of Trust dated October 26, 2005  be granted first priority over any and all liens of record including but not limited to any judgment liens against the Defendants, CHRISTINE S. RECTOR and CHARLES E. RECTOR, JR.

4.    That your Plaintiffs be awarded a judgment for its attorneys fees, costs and expenses of litigation pursuant to the terms of the aforesaid Deed of Trust against the Defendants, CHRISTINE S. RECTOR and CHARLES E. RECTOR, JR.

5.    That your Plaintiff be granted such other further and more general relief as to this Court may seem proper or to equity may seem meet.

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.
By Counsel

COMMONWEALTH OF VIRGINIA,
City of Alexandria, to wit:

This day Wayne F. Cyron, Esquire, personally appeared before me, _Valerie Pearce Kidwell_, a Notary Public in and for the Commonwealth of Virginia at Large, in my city aforesaid and being first duly sworn, made oath before me in due form of law that he is the counsel for MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.  and that the above Complaint is true to the best of his knowledge, information and belief.

Given under my hand this 8th day of June, 2009.

_Valerie Pearce Kidwell_
Notary Public

My commission expires: _August 31, 2009_
Notary Registration No.: _249804_

Wayne F. Cyron, Esquire
Va. Bar No. 12220
CYRON & MILLER LLP
100 N. Pitt Street
Suite 200
Alexandria, Virginia  22314
703-299-0600
703-299-0603 Fax
wcyron@cyronmiller.com

PLAINTIFF'S
EXHIBIT
1

BOOK 451 PAGE 219

## DEED

THIS DEED OF GIFT, made this _19th_ day of February, 1991 by and between CHRISTINE S. JOHNSON, Grantor; and CHRISTINE S. RECTOR and CHARLES E. RECTOR, JR., h/w, Grantees by the entireties;

## WITNESSETH:

That for and in consideration of the natural love and affection amongst and between the parties herein, the Grantor does hereby give, grant and convey with GENERAL WARRANTY and WITH ENGLISH COVENANTS OF TITLE, unto the Grantees, by the entireties, the following described property, to-wit:

All that certain lot or parcel of land, together with all improvements thereon and appurtenances thereunto belonging, situate and fronting on the south side of State Route 623, about one and one-half (1 1/2) miles southeast of Jeffersonton in Jefferson Magisterial District, Culpeper County, Virginia, now or formerly bordered on the west by Willie Cephus, on the south by Ray T. Cannon, on the east by George Gray, and on the north by the aforesaid Route. The said property is more fully described by survey and plat of John Boldridge, C.L.S. dated May 29, 1956 and recorded with a Deed in Deed Book 148, Page 462 as follows:

"Beginning at A. in plat, a stake driven by a post on the southwest side of the Jeffersonton and Fauquier Springs Road, a corner to the remainder of _____ Estate, thence with the said Springs Road, North 54° 30' West 1.88 chains, to B. in plat, an iron rod driven on the southwest side of said Road, a corner to Will Cephus, Est. thence with his line, South 84° 30' West 5.00 chains, to C. in plat, a stake and stone pile near a haxxxed oak

1

REC 3-6-91                    451-219

GRANTEE'S ADDRESS: MCRI BOX 37
Jeffersonton,
VA 22124

Mail to
3/3/91
Michael V. Greear, P.C.
Attorney & Counselor
at Law
78 Main Street, Suite 16
Warrenton, VA 22186
(703) 349-3620

BOOK 451 PAGE 220

sapling, a corner to said Cephus, Est. and corner to Frazier, thence with same, South 1° 30' East 3.50 Chains, to D. in plat, a stake and stone pile in said Frazier's line and corner to _____ Est. thence with the said Est. North 24° 30' East 7.87 chains, to the Beginning and containing one (1) acre."

AND BEING the same property conveyed to Christine S. Johnson, as a femme sole, as her sole and equitable estate, by deed from Irene Settle, Widow, dated February 28, 1979 and recorded March 1, 1979 in Deed Book 287, Page 134 in the Circuit Court Clerk's Office of Culpeper County, Virginia.

This conveyance is expressly made subject to all utility easements of record, or visible upon said property, if any, constituting constructive notice.

WITNESS the following signatures and seals:

_____ (SEAL)
Christine S. Johnson a/k/a
Christina S. Rector

_____ (SEAL)
Charles E. Rector, Jr.

COMMONWEALTH OF VIRGINIA,

COUNTY OF FAUQUIER, to-wit:

The foregoing instrument was acknowledged before me this 19th day of February, 1991 by CHRISTINE S. JOHNSON a/k/a CHRISTINE S. RECTOR and her husband, CHARLES E. RECTOR, JR.

_____
Notary Public

My Commission Expires October 16, 1992

VIRGINIA CLERK'S OFFICE, CIRCUIT COURT OF CULPEPER COUNTY

| | | |
|---|---|---|
| 301 Clerk | $12.00 | The foregoing instrument was presented, |
| 039 St. Grantee | | and with the certificate annexed, admitted to record on the 6th day of |
| 213 Co. Grantee | | |
| 212 Transfer | 1.00 | March 1991, at 9:54 A.M., after |
| 058 St. Grantor | | payment of fees and costs as shown. |
| 220 Co. Grantor | | |
| 145 VSLF | 1.00 | Teste _____ |
| | | Clerk/Deputy Clerk |
| TOTAL | $14.00 | |



After Recording Return To:
WMC MORTGAGE CORP. - POST
CLOSING

1 RAMLAND RD

ORANGEBURG, NY 10962

Attn:   (Equity Services)


This Instrument Prepared By:
GUTTY NAYARI

WMC MORTGAGE CORP.

6320 CANOGA AVENUE 10TH FL
(HARISON)

WOODLAND HILLS, CA 91367

---

[Space Above This Line For Recording Data]

## DEED OF TRUST

RECTOR
Loan #: 11373271
MIN:   100136780112372712
FHA:   15-24A

Serv #: 11373271

The following information, as further defined below, is provided in accordance with Virginia law:

This Deed of Trust is given by  CHARLES M RECTOR and CHRISTINE S RECTOR


as Borrower (trustor), to RICHARD T. CREGGER
as Trustee, for the benefit of Mortgage Electronic Registration Systems, Inc., as beneficiary.


## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A)  "Security Instrument" means this document, which is dated October 26, 2005       , together with all Riders to this document.

(B)  "Borrower" is CHARLES M RECTOR and CHRISTINE S RECTOR


Borrower is the trustor under this Security Instrument.

(C)  "Lender" is WMC MORTGAGE CORP.

Lender is a  Corporation                              organized and existing under the laws of
CALIFORNIA                          , Lender's address is    P.O. BOX 54089, LOS ANGELES,
CA 90054-0089

(D)  "Trustee" is RICHARD T. CREGGER
Trustee (whether one or more persons) is a Virginia resident and/or a United States- or Virginia-chartered corporation whose principal office is located in Virginia. Trustee's address is   7020 LITTLE RIVER TURNPIKE 240, ANNANDALE, VA. 22003

VIRGINIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT           Form 3047 1/01           (page 1 of 11 pages)
DOCUVAI
88DOCU1.VTU  ee/15/2005

*WMC* 0011373271KVA00101420051026202253*

11173371                                                                 11173371

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(F) "Note" means the promissory note signed by Borrower and dated   October 28, 2005     . The Note states that Borrower owes Lender

One Hundred Seventy-Eight Thousand Four Hundred And'00/100

Dollars (U.S. $ 178,400.00    ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than   November 1, 2035

(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☒ Adjustable Rate Rider     ☐ Condominium Rider          ☐ Second Home Rider
☐ Balloon Rider             ☐ Planned Unit Development Rider   ☐ Biweekly Payment Rider
☐ 1-4 Family Rider          ☒ Other(s) [specify] Balloon Rider

(J)  "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(L)  "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(M) "Escrow Items" means those items that are described in Section 3.

(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(P)  "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R)  "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably

VIRGINIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3047 1/01          page 2 of 14 pages
1001EVA.VTX   04/18/2008

*NNC*  0011373271KVA00201420051026202234g

grants and conveys to Trustee, in trust, with power of sale, the following described property located in the
COUNTY of CULPEPER :
[Type of Recording Jurisdiction]          [Name of Recording Jurisdiction]
LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AND KNOWN AS
EXHIBIT 'A'.

which currently has the address of  6345 MYERS MILL ROAD
                                                    [Street]
JEFFERSONTON                                    , Virginia   22724          ("Property Address"):
[City/County]                                      [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements,
appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be
covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as
the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by
Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for
Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but
not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but
not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to
grant and convey the Property and that the Property is unencumbered, except for encumbrances of record.
Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to
any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with
limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
1.   Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.
Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any
prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items
pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency.
However, if any check or other instrument received by Lender as payment under the Note or this Security
Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the
Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash;
(b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is
drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or
(d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such
other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender
may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan
current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver
of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but
Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment
is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold
such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within

VIRGINIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3047 1/01          (page 2 of 14 pages)
DOCUKVA1
NewDocVA1.vtx   04/12/2006

*AWACA  001137327IKVA00301420051QR6202235*

NOTICE: THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE
TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR
CONVEYANCE OF THE PROPERTY CONVEYED.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security
Instrument and in any Rider executed by Borrower and recorded with it.

_Charles E. Rector_    10/26/05
- Borrower - CHARLES E RECTOR - Date -

_Christine S Rector_    10-26-05
- Borrower - CHRISTINE S RECTOR - Date -

VIRGINIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT        Form 3047 1/01        (page 13 of 14 pages)
DOCUKVI11
DOCUKVAA.VTX   08/31/1998

*WNC* 001137327 1KVA013014200510262022249Y

[Space Below This Line For Acknowledgment]

COMMONWEALTH OF    Virginia
COUNTY OF    Culpeper

The foregoing instrument was acknowledged before me this _____ by

charles Rector & christine Rector

Signature: Notary Public

Serial Number, if any _____
My Commission Expires _____

**ADJUSTABLE RATE RIDER**
(6-Month LIBOR Index - Rate Caps)
(First Business Day of Preceding Month Lookback)

Serv #: 11373371

**AMOTOR**
**Loan #: 11373371**
**MINt: 100113880113373712**

THIS ADJUSTABLE RATE RIDER is made this 26th        day of  October,  2005
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security
Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure the
Borrower's Adjustable Rate Note (the "Note") to WMC MORTGAGE CORP.

(the "Lender") of the same date and covering the property described in the Security Instrument and located at:
6948 MYERS MILL ROAD, JEFFERSONTON, VA 22724

[Property Address]

THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE
INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE
AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE
TIME AND THE MAXIMUM RATE THE BORROWER MUST PAY.

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

A.      INTEREST RATE AND MONTHLY PAYMENT CHANGES
        The Note provides for an initial interest rate of   7.700         %. The Note provides for
changes in the interest rate and the monthly payments, as follows:

4.      *INTEREST RATE AND MONTHLY PAYMENT CHANGES*
        (A)      Change Dates
        The interest rate I will pay may change on the first day of  November,  2007
and may change on that day every   6th     month thereafter. Each date on which my interest rate
could change is called a "Change Date."

MULTISTATE ADJUSTABLE RATE RIDER 6-Month LIBOR Index (First Business Day Lookback)—Single Family—
DOCU6l1
DOCU6l1.VTX  11/21/2002                                                    Page 1 of 3

*WMC* 00113737104400100320051026202251X

**(B)    The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the six month London Interbank Offered Rate ("LIBOR") which is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market, as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new Index which is based upon comparable information. The Note Holder will give me notice of this choice.

**(C)    Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding Six and One-Eighth                           percentage point(s) ( 6.125  %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the maturity date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D)    Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 10.200 % or less than 7.200      %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than One percentage point(s) ( 1.000     %) from the rate of interest I have been paying for the preceding 6 months. My interest rate will never be greater than 13.700  %, or less than 7.200  %.

**(E)    Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F)    Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**B.    TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

Section 18 of the Security Instrument is amended to read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which

MULTISTATE ADJUSTABLE RATE RIDER 6-Month LIBOR Index (First Business Day Lookback)–Single Family–
Page 2 of 3

*VMC*  0011373271D600020032005102620225 30

11391371

Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_C. Rector  E. Rector  10/26/05_
- Borrower -   CHARLES E RECTOR - Date -

_Christine S Rector  10-26-05_
- Borrower -   CHRISTINE S RECTOR - Date -

MULTISTATE ADJUSTABLE RATE RIDER (6-Month LIBOR Index (First Business Day Lookback))–Single Family–
DOCU006
Page 3 of 3
APD06C2U.UTX  11/26/2001

*WMC*  00113722710040030032005 1026202254+

Case 09-62669    Doc 37-1    Filed 02/12/10    Entered 02/12/10 16:52:22    Desc Exhibit
Summons & Complaint from Circuit Court    Page 20 of 23

01/11/2010   14:15                                                          PAGE   20

[Space Above This Line For Recording Data]

## BALLOON RIDER

Loan #: 11373271

THIS BALLOON RIDER is made this 26th       day of October,  2005    , and is incorporated into
and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security
Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Note (the "Note") to
MTC MORTGAGE CORP.

(the "Lender") of the same date and covering the property described in the Security Instrument and located at:
6345 KYLES MILL  ROAD JEFFERSONTON,  VA 22724

[Property Address]

The interest rate stated on the Note is called the "Note Rate". The date of the Note is called the "Note Date".
I understand the Lender may transfer the Note, Security Instrument and this Rider. The Lender or anyone who
takes the Note, the Security Instrument and this Rider by transfer and who is entitled to receive payments under
the Note is called the "Note Holder".

ADDITIONAL COVENANTS.  In addition to the covenants and agreements in the Security Instrument,
Borrower and Lender further covenant and agree as follows (despite anything to the contrary contained in the
Security Instrument or the Note):

THIS LOAN IS PAYABLE IN FULL AT MATURITY.  YOU MUST REPAY THE ENTIRE PRINCIPAL
BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE.  THE LENDER IS UNDER NO
OBLIGATION TO REFINANCE THE LOAN AT THAT TIME.  YOU WILL, THEREFORE, BE
REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU
WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH,
WILLING TO LEND YOU THE MONEY.  IF YOU REFINANCE THIS LOAN AT MATURITY, YOU

BALLOON RIDER-MULTISTATE (0107)                                Page 1 of 2

MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Balloon Rider.

_Charles E. Rector_ 12/26/05
- Borrower - CHARLES E RECTOR - Date -

_Christine S. Rector_ 12-26-05
- Borrower - CHRISTINE S RECTOR - Date -

BALLOON RIDER-MULTISTATE (0197)
Page 2 of 2

*MMC*  00113732718RH00200220031026202257

Case 09-62669   Doc 37-1   Filed 02/12/10   Entered 02/12/10 16:52:22   Desc Exhibit
Summons & Complaint from Circuit Court   Page 22 of 23

01/11/2010   14:15   34893*3*444   CHRIS RECTOR   PAGE   22



**WORLDWIDE SETTLEMENTS, INC.**

PLAINTIFF'S EXHIBIT

Name & Address of Borrower
Charles E. Rector and Christine S. Rector
6345 Myst Mill Road, Jeffersonton, VA 22724

Property
Location   6345 Myst Mill Road, Jeffersonton, VA 22724

Name and Address of Lender
WMC Mortgage Corporation ISAOA
P.O. Box 149, Orange, CA 92856

| L. Settlement of Charges | | |
|---|---|---|
| 800. Items Payable in Connection with Loan | | |
| 801. Loan Origination Fee % to | | |
| 802. Loan Discount % to | | |
| 803. Appraisal Fee to Premier Mortgage Fee Svc, Inc. | 380.00 | |
| 804. Credit Report | | |
| 805. Tax Service Fee to Fidelity National | 65.00 | |
| 806. Life of Loan Flood Cert. to First American Flood Data | 12.00 | |
| 807. Administration Fee to WMC Mortgage Corporation ISAOA | 597.00 | |
| 808. Broker Fee to Premier Mortgage Funding, Inc. | 5,399.00 | |
| 809. Yield Spread POC to Premier Mortgage Fee SS & MF | 1,796.00 | |
| 810. Days Prepaid by Lender to be Paid in Advance | | |
| 811. Interest From 11/01/2005 to 11/01/2005 @ $51.059 per day | 70.09 | |
| 812. Mortgage Insurance Premium for to | | |
| 813. Hazard Insurance Premium for to | | |
| 814. | | |
| 1000. Reserves Deposited with Lender | | |
| 1001. Hazard Insurance                mo. @ $   per month | | |
| 1002. Mortgage Insurance            mo. @ $   per month | | |
| 1003. City Property Tax                 mo. @ $   per month | | |
| 1004. County Property Tax           mo. @ $   per month | | |
| 1005. Annual Assessments           mo. @ $   per month | | |
| 1006.                                              mo. @ $   per month | | |
| 1007.                                              mo. @ $   per month | | |
| 1008.                                              mo. @ $   per month | | |
| 1009. Aggregate Analysis Adjustment | 0.00 | |
| 1100. Title Charges | | |
| 1101. Settlement or closing fee to Worldwide Settlements, Inc. | 325.00 | |
| 1102. Abstract or title search to Colonial Title & Abstractions | 100.00 | |
| 1103. Title examination to Worldwide Settlements, Inc. | 155.00 | |
| 1104. Title insurance binder to Worldwide Settlements, Inc. | 150.00 | |
| 1105. Document Preparation | | |
| 1106. Notary Fees | | |
| 1107. Attorney's fees | | |
| (includes above items No. ) | | |
| 1108. Title insurance to Fidelity National Title Insurance Co. ISAOA | 578.63 | |
| (includes above items No. ) | | |
| 1109. Lender's Policy $ 174,494.00 + 171.00 | | |
| 1110. Owner's Policy $ | | |
| 1111. Courier Fee to Worldwide Settlements, Inc. | 100.00 | |
| 1112. Release Fee to Worldwide Settlements, Inc. | 75.00 | |
| 1200. Government Recording and Transfer Charges | | |
| 1201. Recording Fees ( Deed $ , Mortgage $ ) | (9.00) | |
| 1202. State tax/stamps ( Deed $ , Mortgage $144.97 | 144.97 | |
| 1203. State tax/stamps Deed $ 442.94 | 442.94 | |
| 1204. Grantors Tax | | |
| 1300. Additional Settlement Charges | | |
| 1301. Survey | | |
| 1302. Pest Inspection | | |
| 1303. Signing Notary Fee to Worldwide Settlements, Inc. | 225.00 | |
| 1400. Total Settlement Charges  (enter on line 1504) | 39,411.00 | |

| J. Disbursements to Others | |
|---|---|
| 1501. Payoff $77749013 | 136,562.75 |
| to Central Mortgage Fund at M. | |
| 1502. Proceeds from item 0 | -43,381.90 |
| 1503. Payoff | 170.00 |
| to Judgement Dr. C.W. Gainsbrough | |
| 1504. Payoff | 672.86 |
| to Judgement Dr. Bill Grove | |
| 1505. | |
| 1506. | |
| 1507. | |
| 1508. | |
| 1509. | |
| 1510. | |
| 1511. | |
| 1512. | |
| 1513. | |
| 1514. | |
| 1515. | |
| 1516. | |
| 1517. | |
| 1518. | |
| 1519. | |
| 1520. TOTAL DISBURSED | 135,042.48 |
| (enter on line 1603) | |

| M. NET SETTLEMENT | |
|---|---|
| 1600. Loan Amount | 175,450.00 |
| 1601. Plus Cash/Check from Borrower | 0.00 |
| 1602. Minus Total Settlement Charges (line 1400) | 19,412.81 |
| 1603. Minus Total Disbursements to Others (line 1520) | 156,045.48 |
| 1604. EQUALS Disbursements to Borrower | 13,043.71 |
| (after expiration of any applicable rescission period required by law) | |

CERTIFIED TRUE
WORLDWIDE SETTLEMENTS

CERTIFIED TRUE   WORLDWIDE SETTLEMENTS

 

### Waiver of Borrower(s) Right to Receive
### Hud-1 at Settlement

Loan # : 31373973                                          Item # : 31373973

The undersigned hereby waive the right to receive a final HUD-1 statement at settlement. I/We understand that a HUD-1 Statement will be mailed or delivered by the Settlement Agent as soon as practicable after settlement.

_Charles S. Rector_   10/26/05
• Borrower - CHARLES S RECTOR - Date •

_Christine S. Rector_   10-26-05
• Borrower - CHRISTINE S RECTOR - Date •

PRAE• 031373973XXLOO1001X003X026X03300•