**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | | |
|---|---|---|
| In re: CHARLES EDWARD RECTOR and CHRISTINE ETHEL RECTOR, | ) ) ) | Case No. 09-62669-LYN |
| Debtors. | ) ) ) | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | ) ) ) ) | Adv. No. 10-06011 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| CHRISTINE ETHEL RECTOR, CHARLES EDWARD RECTOR, BLAZER FINANCIAL SERVICES, SAMUEL W. LANHAM, DR. F. M. GRAVES, EQUITY ONE CONSUMER LOAN, and BLUE RIDGE ORTHOPEDIC ASSOC., | ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| HERBERT L. BESKIN, Chapter 13 Trustee, | ) | |
| Third-Party Plaintiff, | ) | |
| v. | ) ) | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | ) ) ) | |
| Third-Party Defendant, | ) ) | |

**JUDGMENT**

It is ORDERED, ADJUDGED and DECREED that:

The lien of the Plaintiff Mortgage Electronic Registration Systems, Inc., shall be void and

of no effect during the pendency of this case under chapter 13. The claim of Mortgage

1

Electronic Registration Systems, Inc., shall be allowed in full as an unsecured claim and shall be treated as such under the Debtors' chapter 13 plan. The lien shall be void for all purposes when and if the Debtors complete their performance as required by their confirmed Chapter 13 plan. This judgment shall not be filed with the Clerk of the Court for the Circuit Court of Culpeper County *until* the Debtors have completed performance as required under their Chapter 13 plan and have received their order of discharge. Upon receipt of their order of discharge in this case, the Debtors may file a copy of this judgment with the Clerk of the Court for the Circuit Court of Culpeper County. The Debtors shall also, at that time, file a copy of their order of discharge with the Clerk of the Court for the Circuit Court of Culpeper County.

Upon any sale, during the pendency of the above-styled Chapter 13 case, of the real property commonly known as 6345 Myers Hill Road, Jeffersonton, Culpeper County, Virginia, whether by foreclosure or not, the escrow agent shall pay all closing costs and debts secured by said real property that would be senior in priority to the claim of Mortgage Electronic Registration Systems, Inc., as if it's lien had not been avoided. The escrow agent shall not distribute any funds to Mortgage Electronic Registration Systems, Inc., or any other entity whose claim against said real estate would be junior in priority to that of Mortgage Electronic Registration Systems, Inc., if its lien had not been avoided. The balance of the sale proceeds shall be paid to the Chapter 13 trustee in this case to be held in a separate account ("the Account") pending further order of this court. The funds need not be held in an interest bearing account. It is contemplated that no such order shall issue until the first of (1) an entry of an order on docket granting the Debtors a discharge in this case or (2) the dismissal of this case.

Upon the occurrence of the first of (1) an entry of an order on docket granting the Debtors a discharge in this case or (2) the dismissal of this case, the Chapter 13 trustee shall file a motion with the Clerk of this court requesting authority to distribute the funds held in the Account in a manner that is consistent with this judgment. If the Debtors receive an order of discharge, then the motion shall seek to distribute all funds in the normal course and based on the fact that MERS' lien has been avoided. If the case is dismissed before the Debtors receive an order of discharge in the above-styled bankruptcy case, then the motion shall seek to distribute the funds as if the lien of MERS had not been avoided. Any such motion filed by the Chapter 13 trustee shall be served on the United States trustee, all creditors and any other interested parties.

Upon entry of this judgment, the Clerk shall forward copies of this judgment to Madeline A. Trainor, Esq., C. Connor Crook, Esq., Blazer Financial Services, Samuel W. Lanham, Dr. F. M. Graves, Equity One Consumer Loan, and Blue Ridge Orthopedic Associates, and the Chapter 13 trustee.

Entered on this __11th__ day of March, 2011.

_____
William E. Anderson
United States Bankruptcy Judge